LANTSBERRY, APPELLEE, v. THE TILLEY LAMP CO., LTD., ET AL., APPELLANTS, ET AL.
WISE, APPELLEE, *v.* THE TILLEY LAMP CO., LTD., ET AL., APPELLANTS, ET AL.

304

(Nos. 70-392 and 70-393—Decided July 21, 1971.)

*Mr. Ellis B. Brannon* and *Mr. Joseph M. Mancini,* for appellees.

*Messrs. Spieth, Bell, McCurdy & Newell* and *Mr. Ron Tonidandel,* for appellants.

STRAUSBAUGH, J. Appellees claim that since the Court of Appeals ordered the Common Pleas Court to overrule the motions to quash, that under our prior decision (14 Ohio St. 2d 41), "there should be no question that the law of Ohio is that a motion to quash is not a final appealable order."

A final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, is "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial." R. C. 2505.02. The latter portion of that section relating to "an order vacating or setting aside a judgment and ordering a new trial" was declared to be "not a final determination of the rights of the parties" and did "not constitute a judgment or final order" and therefore was "in conflict with Section 6. Article IV of the Ohio Constitution." *Green* v. *Acacia Mutual Life Ins. Co.* (1951), 156 Ohio St. 1. *Green* was overruled in *Price* v. *McCoy Sales & Service* (1965), 2 Ohio St. 2d 131.

It is clear, from those decisions and the opinion of Justice Leach in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, that the entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.

Here, the orders of the Common Pleas Court did not merely sustain the motions to quash service of summons, but also dismissed the three Tilley Lamp defendants. Such dismissal thus disposed of the cases as to such defendants. (Civil Rule 54 [B] has no application to these cases since the judgments of the trial court were entered prior to the effective date of the new Civil Rules.)

The orders of the Court of Appeals, reversing the judgments of the Common Pleas Court and remanding the

causes to the Common Pleas Court, with instructions to overrule the motions to quash, are final dispositions of the cases so far as the Court of Appeals is concerned. The orders of the Court of Appeals then become final orders, subject to appeal to this court. The same was true in the prior proceedings with regard to the judgments of the Court of Appeals which were reversed by this court.

We turn now to the question of whether the Ohio long-arm statute can be applied retroactively to validate service on a cause of action which accrued prior to the adoption of the long-arm statute, even though the petition was filed prior to the adoption of the long-arm statute. This court held, in paragraph one of the syllabus of *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70:

"Section 28, Article II of the Ohio Constitution prohibiting the passage of retroactive laws, has application to laws affecting substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review * * *."

In *Kilbreath*, we held further, in paragraph three of the syllabus:

"Sections 2307.382 and 2307.383, Revised Code, which expand the personal jurisdiction of local courts, are laws of a remedial nature, and as such are applicable to causes of action accrued, but not filed, before their effective date, September 28, 1965."

Although in *Kilbreath* the petition had not been filed until after the adoption of the long-arm statute, we fail to see any distinguishing difference between a case filed *after* the adoption of the long-arm statute, or *before* as in the cases now under consideration.

The next matter for our consideration is the failure of plaintiffs to plead any fact supporting the requirements of the long-arm statute for obtaining jurisdiction over the three Tilley Lamp defendants. We note the affidavit filed on behalf of the three Tilley Lamp defendants in the Common Pleas Court, which recites:

"All of said defendants are foreign corporations lo-

cated outside of the state of Ohio; that said defendants do not manufacture goods in Ohio, do not ship goods into Ohio and do not transact business in Ohio, and never have; that said defendants are not contracting to supply any services or goods in Ohio; that said defendants are not residents of Ohio, are not in Ohio and never have been; that said defendants do not design, manufacture, assemble or do anything else in Ohio, and never have; that said defendants do not have an interest in, or use, or possess any real property in Ohio; and that said defendants are not contracting to insure any person, property, or risk located within Ohio.

"Affiant further says that C. L. Shively Company is not an agent of any of said defendants and never has been."

There is no proof in the record, either by way of counter-affidavits or sworn testimony, which would establish "minimal contacts" in Ohio of the Tilley Lamp defendants which are essential before jurisdiction can be acquired. Appellees assert that "it is absurd to claim that these jurisdictional facts had to be pleaded in 1963," two years before the effective date of the long-arm statute. However, such requirement might well have been accomplished, if facts do exist, by filing amended petitions alleging such minimal contacts, or by the filing of affidavits or other documents establishing such minimal contacts at the time when plaintiffs attempted to effectuate service on December 9, 1965.

Plaintiffs allege in their petitions that the injuries herein involved occurred "on a hunting trip near Renovo, Pennsylvania," "on or about the ninth day of December, 1961." The Ohio long-arm statute became effective September 28, 1965, and in each case summons was issued for service upon the three Tilley Lamp defendants on December 9, 1965. Assuming service under the long-arm statute, the two-year statute of limitations applicable (R. C. 2305.10) had expired with respect to plaintiffs' actions on December 9, 1963. Counsel for appellees claim however that under

the provisions of the "savings clause" in R. C. 2305.15, the running of the statute of limitations was tolled because Tilley Lamp was not within the state of Ohio. Where the injury occurs in a foreign jurisdiction the running of the statute of limitations is not tolled by the absence of the defendant from the state of Ohio. Here, the alleged injuries of the plaintiffs occurred in the state of Pennsylvania.

In paragraph two of the syllabus of *Wentz* v. *Richardson* (1956), 165 Ohio St. 558, we held:

"Section 11228, General Code [R. C. 2305.15], which provides for the tolling of statutes of limitations in described contingencies contemplates causes of action which arise in Ohio and does not embrace causes of action which originate in foreign jurisdictions."

Although a motion to quash is not the proper method of raising the question of the running of the statute of limitation, since it is apparent that the statute of limitation had run and therefore it would appear that substantial justice had been accomplished in the Common Pleas Court, it would be futile to remand the cases to the Common Pleas Court for a more technically correct ruling.

Based upon the failure of proof in the record establishing minimal contacts in Ohio by the Tilley Lamp defendants at or about the time of the alleged injuries, and because the period of limitations as provided in R. C. 2305.-10 had expired with respect to plaintiffs' actions on December 9, 1963, the judgments of the Court of Appeals are reversed and those of the Common Pleas Court are affirmed.

*Judgments reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for CORRIGAN, J.