OPINION
Defendants/appellants Carla S. Chila and Michael Chila, appeal the January 4, 1999, Judgment Entry of the Fairfield County Court of Common Pleas granting Summary Judgment on the complaint to the plaintiff/appellee, Norwest Mortgage, Inc. Defendants/appellants' counterclaims remain pending in the Fairfield County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
Defendant/appellant Carla S. Chila executed a promissory note to Plaintiff/appellee, Norwest Mortgage, Inc. Said note was secured by a mortgage, held by appellee on property held in fee simple by Carla S. Chila and described as follows:
 SITUATED IN THE STATE OF OHIO, COUNTY OF FAIRFIELD, AND IN THE TOWNSHIP OF VIOLET:
 BEING LOT NUMBER SEVENTEEN (17), IN ROBINWOOD ACRES NO. 1, AS THE SAME IS NUMBERED AND DELINEATED UPON THE RECORDED PLAT THEREOF, OF RECORD IN PLAT BOOK 10, PAGE 16, RECORDER'S OFFICE, FAIRFIELD COUNTY, OHIO. Which has the address of 6050 Stemen Road, Pickerington, Ohio 43147
Carla S. Chila signed the mortgage but her husband, Michael Chila, signed the mortgage solely to release his dower interest. The mortgage was duly filed with the Recorder of Fairfield County on September 5, 1995. On November 7, 1996, appellee filed a complaint for foreclosure and also filed a Notice Under the Fair Debt Collection Practices Act. The complaint alleged that appellant, Carla S. Chila, was in default under the promissory note and, as a result, the appellee had declared the debt due. The appellee sought the total unpaid sum on the note of $104,907.98 plus interest at the rate of 8.500% per annum from May 1, 1996, and sums advanced to pay real estate taxes, hazard insurance premiums and property protection and maintenance. Appellants Carla and Michael Chila and the Treasurer of Fairfield County were identified as those that have or claim to have an interest in the premises. Appellee sought also to have the premises appraised, advertised and sold and the proceeds paid to appellee in the amount found due. The complaint included a copy of the note, an open-end mortgage purportedly signed by Carla S. Chila as borrower and Michael Chila, "signing solely to release his dower interest only", and a Notice under the Fair Debt Collection Practice Act. The Notice was addressed to anyone named as a defendant in the complaint. Appellants filed answers and counter-claims on December 11, 1996. Appellant Michael Chila's counterclaim alleges he was libeled by being named in appellee's complaint for foreclosure and prays for damages in an amount in excess of $25,000.00. Appellant Carla Chila's counterclaim alleges that appellee has breached the terms of the promissory note by declaring the debt due and initiating a complaint for foreclosure. The prayer for damages requests in excess of $25,000.00. Appellee filed answers to the counter-claims on December 19, 1996. Subsequently, many motions and responses to motions were filed. We will address only relevant motions. Appellee filed an initial Motion for Summary Judgment on February 3, 1997. Appellee stated that appellants were in default of payment on the note from June 1, 1996, and that there was a thirty (30) day acceleration provision in the note. Appellee claimed an absolute legal right to accelerate and call due the balance on the note. No mention nor agreement regarding appellants' counter-claims was provided. Affidavits and a statement of the account were attached in support. By motion, Michael Chila responded that he was not a proper party to the action since he merely signed the mortgage to release his dower interest, that appellee alleged he was in default of payment on the note and appellee caused Michael humiliation, embarrassment and loss of self esteem. The trial court filed a Memorandum on April 16, 1997, in which the court issued its decision to grant appellee's motion for summary judgment as against Carla Chila but overruled the motion as against Michael Chila. The court found that Norwest Mortgage, Inc. had an absolute right to call due the remaining balance since account statements submitted by Norwest indicated Carla S. Chila was nine payments in default. As such, the court granted summary judgment. As to Michael Chila, the court found he was not bound to the obligation and overruled the motion for summary judgment against him. Counsel for plaintiff was ordered to prepare a judgment entry accordingly, present it to defendant Carla S. Chila, and submit it to the court within ten (10) days. (However, the Judgment Entry was not filed until October 30, 1998, regarding this motion for summary judgment.) Plaintiff filed a Second Motion for Summary Judgment on January 7, 1998. This filing was followed by a barrage of motions and supplemental filings, culminating in a November 2, 1998, Memorandum Granting Summary Judgment (which was not a Judgment Entry) against defendant Michael Chila. (The Judgment Entry granting this motion for summary judgment was not filed until January 4, 1999, as set forth below.) In the meantime, on October 30, 1998, the Judgment Entry regarding the grant of summary judgment against Carla Chila was filed. The Judgment Entry stated that this was a "final appealable order" but made no further findings. The trial court further ordered that unless the total sum due was paid within three (3) days from the date of entry, the equity of redemption and dower of defendant Carla S. Chila would be foreclosed and the premises sold. The plaintiff could request the issuance of an order of sale. On November 30, 1998, a Praecipe to Issue Order of Sale was filed by plaintiff. Appraisal of the property was obtained. However, on oral motion of plaintiff, the sale of the property was canceled on December 29, 1998, and an Order that the order of sale be returned without execution and leave was granted to the plaintiff to issue an alias order of sale without new appraisal was filed on January 4, 1999. Also, on January 4, 1999, the trial court filed an Amended Judgment Entry regarding the grant of summary judgment against both defendants, Carla and Michael Chila. This order set out the facts and conclusions as found by the court and stated that it was final and appealable without any further determination. (This was the initial Judgment Entry regarding plaintiff's second motion for Summary Judgment but the second Judgment Entry regarding plaintiff's initial Motion for Summary Judgment.) The stream of motions and responses continued. Defendants filed Notice of Appeal on December 1, 1998. The appeal was dismissed February 3, 1999, by motion of appellant. A second Notice of Appeal was filed by appellants on January 29, 1999. On March 8, 1999, Plaintiff filed a Motion for Summary Judgment on defendants' counterclaims. A series of replies and responses followed. On May 25, 1999, the trial court issued a memorandum in which summary judgment was denied as to defendants' counterclaims. The trial court determined there were genuine issues of material fact. The trial court found that Carla's contention that Norwest failed to adhere to the procedure for foreclosure on FHA notes presented a colorable argument of breach of contract and that Michael had offered evidence that the foreclosure appeared on his credit report, in support of his counterclaim of libel. A pretrial conference on the counterclaims is set for January 13, 2000. Appellants present several assignments of errors centered around the grants of Summary Judgment in favor of appellee on appellee's complaint. While appellants did not present assignments of error in accordance with App. R. 16(A), the court has summarized appellant's arguments into the following assignments of error:
 I. THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF/APPELLEE NORWEST MORTGAGE INC., TO PURSUE A SUMMARY JUDGMENT WHEN NO MOTION FOR LEAVE TO FILE FOR SUMMARY JUDGMENT WAS MADE BY PLAINTIFF/APPELLEE.
 II. THE TRIAL COURT'S GRANT OF SUMMARY JUDGMENTS WERE IMPROPER WHERE GENUINE ISSUES OF MATERIAL FACTS EXIST, AND THE MOTIONS WERE NOT PROPERLY SUPPORTED BY AFFIDAVIT.
 III. THE TRIAL COURT MADE MISTAKES OF LAW IN GRANTING SUMMARY JUDGMENTS.
The appeal before the court did not emanate from a final appealable order and, therefore, this court is without subject-matter jurisdiction over this matter. Counterclaims of appellants remain before the trial court and the trial court made no express determination that there is no just reason for delay under Civil R. 54(B). A final order is one that disposes of the whole case or some separate and distinct branch thereof. Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 180, 272 N.E.2d 127, 129. Revised Code 2505.02, in the applicable portion, defines a final order as "an order that affects a substantial right in an action which in effect determines the action and prevents a judgment." In the case sub judice, the trial court is proceeding on the counterclaims of the appellants. Therefore, we conclude that the trial court's granting of the motions for Summary Judgment has not prevented a judgment and is not a final appealable order. In this case, counter-claims of defendants remain before the trial court. Ohio Civ.R. 54(B) applies when unresolved counterclaims exist. Civ.R. 54(B) requires: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
Civil Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. Noble v. Colwell (1989),44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (citing Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160, 3 O.O.3d 174, 175,359 N.E.2d 102,703. An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Noble,44 Ohio St.3d at 96. "Rule 54(B) makes mandatory the use of the language, there is no just reason for delay." Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable." Noble, 44 Ohio St.3d at 96. Thus, a court may reconsider such an interlocutory order at any time before final judgment has been entered, either sua sponte or upon motion. D'Agastino v. Unitoyal-Goodrich Tire Co. (Aug. 7, 1998), Lucas No. L-97-1400, unreported, 1998 WL 472345. The grants of summary judgment in this case did not use the language of Civ.R. 54(B). While the Judgment Entries indicate that they are "final and appealable" orders, there was no express determination that there was no just reason for delay until judgment is granted as to all the claims. Without such a determination, the judgment is not final and not reviewable. See Whitaker-Merrell Co. v. Geupel Construction Co. (1972), 29 Ohio St.2d 184, 280 N.E.2d 922. Neither appellant nor appellee raise this issue. However, a court of appeals shall raise this issue sua sponte and dismiss appeals from such judgments on the ground that such a judgment is not an appealable judgment. Whitaker-Merrell Co. v. Geupel Const. Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
The appeal is dismissed and the cause is remanded to the trial court for further proceedings in accordance with law.
By: Edwards, J. Wise, P.J. and Farmer, J. concur.