DECISION AND JUDGMENT ENTRY
Robert L. Stevens appeals his convictions for driving under the influence, a violation of R.C. 4511.19(A)(1), driving under suspension, a violation of R.C. 4507.02 and driving left of center, a violation of R.C. 4511.30. He asserts that the Municipal Court of Hocking County should have granted his motion to suppress because the officer who stopped him did not have reasonable suspicion to stop him. We decline to address his assignment of error because we find that there is no final appealable order.
 I.
State Trooper Ross Thompson charged Stevens with: (1) driving under the influence, a violation of R.C. 4511.19(A)(1); (2) driving while under suspension, a violation of R.C. 4507.02(D); (3) failure to wear a safety belt, a violation of R.C. 4513.263; and (4) driving left of center, a violation of R.C. 4511.30. Stevens changed his original plea of not guilty on all four counts to a plea of no contest. The change of plea form listed the four offenses as "OMVI DUS (sic), Belt, Center." However, the judgment entry disposed only of the driving under the influence charge, the driving under suspension charge, and the driving left of center charge. There is no mention of the failure to wear a safety belt charge.
 II.
We sua sponte raise the issue of whether the judgment of the trial court is a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(5)(2), Article IV of the Ohio Constitution. See, also, General Acc. Ins. Co. v. Ins. Co. of N.Am. (1989), 44 Ohio St.3d 17, 20. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA25, unreported;
In re Christian (July 22, 1992), Athens App. No. 1507, unreported.
A final order is defined by R.C. 2505.02 as "an order that affects a substantial right in an action which in effect determines the action." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v. UnitedStates (1945), 324 U.S. 229, 233; Lantsberry v. Tilley Lamp Co.
(1971), 27 Ohio St.2d 303, 306; Teaf v. Hewitt (1853), 1 Ohio St. 511,520; Coey v. U.S. Health Corporation, (Mar. 18, 1997), Scioto App. No. 96CA2439, unreported.
The trial court's judgment entry did not dispose of the whole case because the failure to wear a safety belt charge remains unresolved. Accordingly, the trial court's entry is not a final appealable order. We, therefore, dismiss the appeal for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the HOCKING COUNTY MUNICIPAL COURT to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J.: Concurs in Judgment and Opinion, ABELE, J: Dissents
For the Court
 BY: _______________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.