DECISION AND JUDGMENT ENTRY
Steve Heskett appeals the Athens County Court of Common Pleas' judgment in favor of Danny L. Simms. Heskett argues that the trial court erred by dismissing his motion for a directed verdict, at the close of Simms's case. He also asserts that the trial court's judgment was against the manifest weight of the evidence. However, we decline to address Heskett's arguments because the order from which he appeals is not a final appealable order. Accordingly, we dismiss his appeal.
 I.
In response to Simms' complaint for breach of a construction contract, Heskett filed an answer in which he asserted a counterclaim. Heskett divided his counterclaim into a first claim and a second claim. In his first claim, he sought four thousand five hundred dollars for work completed in addition to the contract work. In his second claim, Heskett alleged that Simms had converted one thousand dollars worth of Heskett's property.
In its judgment entry, the trial court found that Heskett did not construct Simms' building in a workmanlike manner, and entered judgment for Simms against Heskett in the amount of twenty-one thousand eight hundred eighty dollars. With regard to Heskett's counterclaim, the trial court found that Heskett did not introduce evidence to support his claim that Simms owed him four thousand five hundred dollars, and dismissed Heskett's counterclaim "against plaintiff Dan Simms for $4,500.00." The trial court made no reference to the conversion counterclaim. The trial court declared its entry to be a final appealable order. Heskett appealed.
 II.
We sua sponte raise the issue of whether the judgment of the trial court is a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, General Acc. Ins. Co. v. Ins. Co. of N.Am. (1989), 44 Ohio St.3d 17, 20. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA25, unreported; In re Christian
(July 22, 1992), Athens App. No. 1507, unreported.
A final order is defined by R.C. 2505.02 as "an order that affects a substantial right in an action which in effect determines the action." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v. UnitedStates (1945), 324 U.S. 229, 233; Lantsberry v. Tilley Lamp Co.
(1971), 27 Ohio St.2d 303, 306; Teaf v. Hewitt (1853), 1 Ohio St. 511,520; Coey v. U.S. Health Corp., (Mar. 18, 1997), Scioto App. No. 96CA2439, unreported.
A trial court's finding that its judgment is a final appealable order is not binding upon this court. Ft. Frye Teachers Assn. v.Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840,843, fn. 4, citing Pickens v. Pickens, (Aug. 27, 1992), Meigs No. 459, unreported. See, also, Noble v. Colwell (1989),44 Ohio St.3d 92, 96.
R.C. 2505.02 provides in relevant part that an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). However, when Civ.R. 54(B) applies, the order must comply with both R.C. 2505.02 and Civ.R. 54(B) before it can be deemed a final appealable order. Noble at 96; Minix v.Collier, (July 16, 1999), Scioto App. No. 98CA2619, unreported.
Civ.R. 54(B) provides that "when more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). Thus, when the trial court renders a judgment resolving one or more claims, but leaving other claims unresolved, Civ.R. 54(B) applies and the order must comply with both R.C. 2505.02 and Civ.R. 54(B) before an appellate court can review the judgment. See Noble at 96. Civ.R. 54(B) makes use of the "no just reason for delay" language mandatory. Id., citing Jarrett v. Dayton Osteopathic Hosp., Inc.
(1985), 20 Ohio St.3d 77, syllabus. Unless those words appear, the order cannot be either final or appealable. Noble at 96.
In this case, Heskett brought one counterclaim with two separate claims for relief before, the trial court. Although the trial court only resolved one of Heskett's claims for relief, the trial court expressly stated that its judgment was a final appealable order. However, the trial court did not employ the "no just reason for delay" language as required by Civ.R. 54(B) The absence of the Civ.R. 54(B) language, in the presence of a resolution of only one of Heskett's two claims, renders the order not final or appealable. Therefore, we need not reach the question of whether the judgment affected a "substantial right" pursuant to R.C. 2505.02.
This court does not possess jurisdiction over an appeal from a judgment that is not a final appealable order. Consequently, we must sua sponte dismiss Heskett's appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ATHENS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ____________________ PRESIDING JUDGE ROGER L. KLINE
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.