OPINION
This appeal is brought by Appellant-Defendant Medical Mutual of Ohio (MMO) from a judgment of the Court of Common Pleas, Auglaize County granting the Plaintiff-Appellee's Motion for Summary Judgment and the denial of Appellant-Defendant's Motion to Dismiss and Motion to Stay. MMO further appeals the finding of No Just Cause for Delay by the lower court with respect to this appeal.
In order to calm the maelstrom of procedure conducted in the court below, this court will relate only the procedural history germane to the issues presented in this appeal. Angela Griner, a minor, was injured October 3, 1996 when she was involved in an accident with a school bus driven by an employee of the Minster Board of Education. Angela, through her father, Appellee-Plaintiff Terry Griner, was a covered participant of the GG Tool Company, Inc. Employee Group Benefit Plan which is governed by the federal Employee Retirement Income Security Act (ERISA). MMO was the administrator of the ERISA plan and in accordance with the terms of the policy paid claims for Angela's injuries in excess of $170,000.00. In April, 2000 the Griners filed a tort action naming the Minster Board of Education and MMO as defendants. MMO was named specifically for the purpose of determining their rights of subrogation and or reimbursement for the claims already paid. The complaint further alleged that any claim MMO made for subrogation or reimbursement was improper. MMO attempted to have the suit removed to federal court, but the cause was remanded for lack of jurisdiction pursuant to 28 U.S.C. § 1441. MMO subsequently filed a Motion to Dismiss alleging that the State court did not have jurisdiction to determine rights of subrogation or reimbursement for an ERISA plan. The trial court denied the motion and MMO promptly filed an Answer to the Complaint. The Griners moved for Summary Judgment against MMO and the trial court granted the motion finding that MMO did not have any right to reimbursement from the Griners. At this time, MMO filed a Motion to Stay the proceedings until which time any right of reimbursement could be determined in a separate action MMO had filed in Federal Court. The trial court denied this motion stating, again, that jurisdiction to determine any right of reimbursement soundly lies within the confines of state law and the court below. Following this order, the trial court made a finding of No Just Cause for Delay with respect to the orders on the Motion to Dismiss, Motion for Summary Judgment, Motion for Stay. It is from this finding and the merits of the orders that MMO now appeals.
MMO asserts the following assignments of error:
 I.The trial court erred in holding that it had jurisdiction over appellant's reimbursement claim founded upon the language of an ERISA Employee Benefit Plan.
 II. The trial court erred in holding that Medical Mutual had no right under the GG tool Co. Employee Benefit Plan to reimbursement from any settlement by the Griners for medical bills paid by the plan.
 III. The trial court erred in finding "no just cause for delay" as to an order and journal entries that do not satisfy the requirements of O.R.C. § 2505.02.
 Because our finding on the third assignment of error determines the viability of this appeal, we address it first. MMO alleges that the trial court erred when it found No Just Cause for Delay with respect to their orders on the Motion to Dismiss, Motion for Summary Judgment, and Motion for Stay of proceedings. We do not agree.
Civ.R 54 (B) in pertinent part states:
 "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third party claim * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
The determination of no just reason for delay is a two-part process that begins with determining whether the order appealed is "final" as defined by R.C. 2505.05. Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 617 N.E.2d 1136. A "final order" is defined in R.C.2505.02 as "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *" The core of the argument that MMO advances is that the journal entries at issue here "do not determine the action or prevent a judgment on the main issues of the case." (Appellant's Brief, pg. 25) This is a misstatement of the standard and completely contradicts the intent of Civ.R. 54(B) which operates to allow orders made in cases with multiple claims and/or parties to be heard on appeal prior to the completion of the case as whole. When determining the finality of an order the analysis is made into the rights and effects on the party affected by the order. "A final order * * * is one disposing of the whole case or some separate anddistinct branch thereof." Lantsberry v. Tiley Lamp Co. (1971),27 Ohio St.2d 303, 306, 272 N.E.2d 127,129 (emphasis added). In this case, the three motions under appeal are orders that disposed of a distinct portion of the Griner's suit. Each of the orders rendered finality to MMO's claims and defenses and there are no pending issues, claims or defenses with respect to MMO. As it stands now, MMO has no further right of participation in the case below and may not participate in any future trial. Clearly MMO's rights have been substantially affected as their right to any judgment for reimbursement of $170,000 has been terminated. The first prong of the test has been satisfied.
The next step for determining the finality of an order is to ascertainfrom the record whether or not the trial court has made a finding of no just cause for delay. Wisintainer v. Elcen Power Strut Co. at 354. (Emphasis added) MMO argues that each order must contain the language "there is no just cause for delay." (Appellant's brief pg 25)[1]. Again, this is an incorrect statement of the law. The law requires a finding in the record that there is no just cause for delay. This is a factual determination that considers whether the "interest of sound judicial administration is best served by allowing an immediate appeal."Wisintainer v. Elcen Power Strut Co. at 354.
The Wisintainer court further held:
 An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. Civ.R. 54(B) certification, where the record indicates that the interests of sound judicial administration could be served by a finding of "no just reason for delay," the trial court's certification determination must stand. An appellate court need not find that the trial court's certification is the most likely route to judicial economy, but that it is one route which might lead there. Trial courts, however, should be careful not to breach the duty entrusted to them, and should avoid a mechanical application of the Civ.R. 54(B) language. (Citations omitted) Id. at 355.
In the instant case, the court made an explicit finding of No Just Cause for Delay as to all three of the motions referenced in the Appellant's arguments in their Journal Entry of April 2, 2001. The entry indicates that the trial court made a determination that MMO had no further issues pending in the case and that to deny them the opportunity to appeal these decisions would violate their right to due process of law. This court will not second guess the finding of the trial court and finds nothing contrary to the requirements of Civ.R. 54(B) or R.C. 2505.02. Therefore, MMO's third assignment of error is overruled.
In their first assignment of error MMO asserts that the trial court did not have proper jurisdiction to hear their reimbursement claim. This assignment of error and the supporting argument is perplexing to this court since no where in the record does it show that the trial court assumed jurisdiction to hear MMO's reimbursement claim.[2] In the order denying Appellant's Motion to Dismiss, the trial court held that it had concurrent jurisdiction with the federal district court pursuant to29 U.S.C. § 1132(e) to hear the Griner's claim for clarification of their right to future benefits. Section 1132(e) carves out an exception to the federal court's exclusive jurisdiction of ERISA claims stating that "State courts of competent jurisdiction and district courts of the United States will have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section."29 U.S.C. § 1132 (2001). The trial court then made a finding that the Griners claim was made pursuant to § 1132(a)(1)(B).[3]
Appellant does not dispute the trial court's finding that the Griner's claim falls within § 1132(a)(1)(B). Rather, they argue that its own claim for reimbursement does not fall under § 1132(a)(1)(B). And while this may be a true statement of the law, it is irrelevant in this matter for we are not here to determine the jurisdiction of claims made by MMO, but the jurisdiction of claims made by the Griners. Furthermore, contrary to the argument advanced by the Appellant, the trial court explicitly stated:
 "[I]f this court determines that MMO may bring an action to obtain reimbursement from Plaintiffs * * * such a determination would likewise be binding against the parties; but MMO would have to bring a separate action to enforce its right to collect from Plaintiffs in federal court, as that court has exclusive jurisdiction over actions brought by a fiduciary such as MMO to enforce the provisions of the plan under § 1132(a)(1)(3), in accordance with § 1132(e)(1). (Journal Entry on Motion to Dismiss, p. 2)
 The trial court further stressed this point when it denied Appellant's Motion to Stay the proceedings, reiterating that it had jurisdiction to determine the Griner's rights to benefits before a claim in federal court would be proper. (Journal Entry Orders on Motion to Stay, p. 1) (Emphasis added) We find no error in the trial court's assessment of the issues or the application of relevant law. Accordingly, Appellant's first assignment of error is overruled.
Finally, in their the second assignment error, the Appellant alleges that the trial court erred by holding that MMO did not have a right to reimbursement for benefits paid to the Griners when it granted the Griner's Motion for Summary Judgment. Pursuant to Civ.R. 56 when considering a motion for summary judgment a trial court must determine whether there is any genuine issue of material fact, whether the moving party is entitled to judgment as a matter of law, and whether it appears from the evidence viewed most strongly in favor of the moving party that reasonable minds can come to but one conclusion. Accordingly, the appellate standard for summary judgment is the same as that of the trial court. See Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
The trial court concluded, after a lengthy analysis into both federal and state law, that MMO did not have the right to seek reimbursement from the Griners. The court based its decision on R.C. 2744.05 which states in pertinent part:
 "If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits." (Emphasis added)
 Prior to considering the Motion for Summary Judgment against MMO, the trial court granted Defendant Minster Board of Education's Motion for Judgment on the Pleadings as to the right of set off pursuant to R.C. 2744. Therefore, the trial court reasoned, because any future award for damages would not include the benefits paid by MMO, reimbursement would not be proper. The trial court relied on the language of the plan itself to reach this conclusion. The plan states:
 "To the extent we provide or pay benefits for covered services, we assume your legal rights to any recovery of incurred expenses."
 "To the extent we provide or pay benefits for Covered Services, you must repay us the amount recovered by suit, settlement, or otherwise from any person, organization, or Insurer."
According to the language of the contract, MMO only has a right of reimbursement after the insured recovers such expenses as were paid out. It follows, therefore, that the Griner's duty to reimburse will never be triggered as a result of R.C. 2744. Furthermore, the contract itself states that the provider (MMO) will assume the legal rights of the insured and in this case, the insured party has no right to recover the money paid under the terms of the plan.
The only argument the Appellant advances in favor of the right to reimbursement is that the language of the contract does in fact provide for it. The trial court, however, did not hold that the plan did not provide for reimbursement and this issue is not in dispute. If the Griners were able to recover from the Minster Board of Education for the medical expenses paid by MMO, there is no question that MMO would have a right to recover those expenses by the terms of the plan. However, the Griners can not recover such expenses under Ohio law, so the duty to reimburse MMO does not exist. We agree with the holding of the trial court and therefore overrule the Appellant's second assignment of error.
For the reasons state above the judgment of the Auglaize County Court of Common Pleas is affirmed.
WALTERS, P.J. and HADLEY, J., concur.
[1] The Appellant cites Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381 to stand for this position. After an exhaustive search of the Nobel case this court was unable to locate this holding anywhere in the text, much less at the location of Appellant's pin point citation.
[2] Judging by the fact that MMO incorrectly refers to this case as "Medical Mutual of Ohio v. Griner" and as themselves as "Plaintiff" in both of their brief's, it is clear that they are somewhat confused as to their role in this litigation.
[3] Section 1132 (a)(1)(B) provides that participants or beneficiaries may bring civil actions to enforce rights under an ERISA plan or to clarify rights to future benefits. United States District Court Judge Katz stated, in his order remanding this case to state court, "It is undisputed that Plaintiffs seek to clarify their future entitlement to benefits provided by MMO, even if those benefits have already been conditionally paid on Plaintiff's behalf." See also Bradburn v. Merman
(1999), 1998 WL 1145402 (Ohio App. 12 Dist.) and Beasecker v. State AutoInsurance Company (2001), 2001 WL 85782 (Ohio App. 2 Dist.) where both appellate courts held, under the nearly the same fact pattern as the instant case, that a claim by an insured employee for a declaration clarifying rights of reimbursement or subrogation to benefits already paid fell under § 1132(a)(1)(B).