I respectfully dissent. I would dismiss this appeal for lack of a final appealable order.
The school board filed a "Motion to Dismiss" the appeal in the trial court. The board argued that if the trial court would reform the contracts pursuant to R.C. 3319.081, then it would pay the damages and the appeal in the trial court would be moot. The board pointed out that R.C. 3319.081 provides for the first contract to be for no more than one year, the second contract shall be for two years, and the third contract shall be continuing.
The trial court's entry provides as follows:
 This matter came on for consideration upon Defendant's Motion to Dismiss filed with this Court on June 7, 2000.
On July 26, 2000, the Court conducted a conference on the status of this case, including the Motion to Dismiss. Mr. Boulger, Attorney for Plaintiff, was contacted by telephone and Mr. Ennis, Attorney for Defendant, was present in chambers. Both parties were given an opportunity to explain their client's position concerning Ms. Bay's contractual status with the Board as of June 30, 2000.
After full consideration of the facts and law as represented by the parties, the Court finds as follows:
1. The first contract received by the Plaintiff is reformed by this Court to expire on June 30, 1998.
2. The second contract received by the Plaintiff is reformed to be a two-year contract beginning July 1, 1998 and expiring on June 30, 2000.
3. The reformation of the contracts in paragraphs 1 and 2 is in accordance with the provisions of Section 3319.081(A), Revised Code, wherein the contract for a "newly hired regular non-teaching school employee . . . shall be for a period of not more than one year" and ". . . their subsequent contract shall be for a period of two years."
4. The Board non-renewed Ms. Bay's second contract at its May 4, 2000, meeting and she received notice of this action on May 16, 2000. This action was in accordance with the provisions of Section 3319.083, Revised Code.
IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that:
 1. The Plaintiff's contract of employment with the Board ended on June 30, 2000.
 2. The Defendant is ordered to compensate Plaintiff at her contractual rate of pay from her last date of employment in April 2000 to June 30, 2000.
3. Costs of court assessed to Plaintiff.
 Bay appeals the trial court's decision to this court and assigns the following assignment of error:
 THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN GRANTING THE DEFENDANT/APPELLEE BOARD'S MOTION TO DISMISS PLAINTIFF/APPELLANT'S ADMINISTRATIVGE APPEAL AFTER RETROACTIVELY `REFORMING' AN EXPIRED EMPLOYMENT CONTRACT, WHICH CONTRACT WAS THE SUBJECT OF THE BOARD'S PURPORTED POST APPEAL NON-RENEWAL ACTION[.]
 I would sua sponte raise the issue of whether the judgment of the trial court is a final appealable order.[1] It is well established that appellate courts can review only final orders. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, General Acc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 20. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. Lisath v. Cochran (Apr. 15, 1993), Lawrence App. No. 92CA05, unreported; In re Christian (July 22, 1992), Athens App. No. 1507, unreported.
R.C. 2505.02 defines a final order as "an order that affects a substantial right in an action which in effect determines the action." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v. United States (1945), 324 U.S. 229, 233; Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306; Teaff v. Hewitt (1853),1 Ohio St. 511, 520; Coey v. U.S. Health Corporation, (Mar. 18, 1997), Scioto App. No. 96CA2439, unreported.
Here, the record shows that the trial court carried through with the school board's requests to reform the contracts as contained within its motion to dismiss. The parties indicate in their briefs that the trial court reformed the contract and dismissed the appeal. However, I have reviewed the trial court's entry and would find that the court did not specifically dismiss the appeal or state that it granted or sustained the motion to dismiss. Hence, in my view the trial court's entry is not a final appealable order because the motion is still pending.
Accordingly, I would dismiss this appeal for lack of jurisdiction.
Thus, for the above reason, I respectfully dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the GALLIA COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
Harsha, J.:Concurs in Judgment and Opinion.
Kline, J.:Dissents with Dissenting Opinion.
[1] We ordered the parties to brief this issue. Both sides argued in their memoranda that the judgment is a final appealable order.