OPINION
{¶ 1} Plaintiff-appellant, Ohio Farmers Insurance Company ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas dismissing its claims *Page 2 
against defendant-appellee, Ohio Department of Transportation ("ODOT"), for lack of subject-matter jurisdiction.
 {¶ 2} On April 11, 2008, appellant filed its complaint for declaratory, monetary and injunctive relief against ODOT, TAB Construction Company, Inc. ("TAB"), the Board of Commissioners of Stark County and Stark County Engineer ("Stark County"). The following background is taken from appellant's complaint.
 {¶ 3} In 2004, Stark County solicited bids for the Cleveland Avenue Widening Phase II ("the project"). Northern Valley Contractors, Inc. ("NVC"), was the successful project bidder, and appellant issued a Bid Guaranty and Performance/Payment Bond ("the bond") to NVC. The financing for the project included federal funds pursuant to the United States Department of Transportation financial assistance program to promote participation by disadvantaged business enterprises ("DBEs"). Pursuant to federal law, the DBE participation goal is ten percent.
 {¶ 4} Being unable to meet the ten-percent participation goal, NVC requested and allegedly obtained a partial waiver from ODOT, and TAB was certified as a DBE with whom NVC entered into a purchase order. NVC experienced financial difficulties, and appellant made certain voluntary financial accommodations that included payments to NVC's vendors including TAB. Appellant alleges defendants ODOT and Stark County now refuse to pay appellant $62,137.61, which represents the remaining contract amounts due on the NVC subcontract. Appellant further alleges that the defendants are threatening to return these funds to the United States Department of Transportation as a liquidated damage penalty to NVC and appellant for NVC's alleged failure to meet DBE *Page 3 
participation goals. This, according to appellant, is in effect a retroactive decertification of TAB as a certified and prequalified DBE.
 {¶ 5} As a result of the above, appellant filed this five-count complaint asserting a separate breach of contract claim against TAB, ODOT and Stark County, and seeking declaratory and injunctive relief. Stark County filed a counterclaim and a cross-claim against ODOT.
 {¶ 6} On October 24, 2008, ODOT filed a motion to dismiss pursuant to Civ. R. 12(B)(1) for lack of subject-matter jurisdiction. Specifically, ODOT asserted that because this action seeks money damages against the state of Ohio, exclusive jurisdiction rests with the Ohio Court of Claims. The trial court agreed and granted ODOT's motion to dismiss without prejudice. A judgment entry reflecting such decision was filed on September 11, 2008, and states, in part:
 Accordingly, it is therefore ORDERED, ADJUDGED AND DECREED that Ohio Farmers Insurance Company's claims against the Ohio Department of Transportation be dismissed without prejudice for lack of jurisdiction.
(Sept. 11, 2008 Judgment Entry.)
 {¶ 7} On appeal, appellant asserts the following two assignments of error:
 I. The trial court erred by characterizing Appellant Ohio Farmers Insurance Company's claims against Appellee The Ohio Department of Transportation as claims for "money due on a contract" subject to the exclusive jurisdiction of the Court of Claims where Appellant has not alleged that either Appellant or its principal had a contract with The Ohio Department of Transportation and the claims asserted against The Ohio Department of Transportation are equitable claims to recover funds wrongfully withheld by The Board of County Comissioners of Stark County, Ohio as a result of Appellee's improper administration of the U.S. Department of *Page 4 
Transportation's financial assistance program to promote participation by certain disadvantaged business enterprises.
 2. The trial court erred by relinquishing jurisdiction over Appellant Ohio Farmers Insurance Company's claims against Appellee the Ohio Department of Transportation because subject matter jurisdiction with the Franklin County Court of Common Pleas is proper under O.R.C. § 5501.22 and the jurisdictional priority rule prohibits the trial court from relinquishing jurisdiction over Appellant's Claims against Appellee The Ohio Department of Transportation.
 {¶ 8} We do not reach the merits of these assignments of error, however, because we lack jurisdiction to do so.
 {¶ 9} Section 3(B)(2), Article IV of the Ohio Constitution, limits this court's appellate jurisdiction to the review of final orders of lower courts. The Ohio Supreme Court has stated that a final order "is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. An appellate court may raise, sua sponte, the jurisdictional question of whether an order is final and appealable. See Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 87; State ex rel. White v.Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544. Moreover, we must sua sponte dismiss an appeal that is not from a final appealable order. See Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186 (holding that the appeals court should have sua sponte dismissed the appeal where the entry granting summary judgment to fewer than all the parties did not include Civ. R. 54(B) language).
 {¶ 10} A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ. R. 54(B).Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596, citing ChefItaliano Corp., at 88. In Noble v. Colwell (1989), *Page 5 44 Ohio St.3d 92, 96, the Ohio Supreme Court held that, to constitute a final order, an order must fit into at least one of the categories set forth in R.C. 2505.02(B), which defines a final order, in pertinent part, as any of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial[.]
 {¶ 11} "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).
 {¶ 12} As the Ohio Supreme Court noted in Denham at 595, courts must read R.C. 2505.02 in conjunction with Civ. R. 54(B). Civ. R. 54(B) applies to situations where there is more than one claim for relief presented or there are multiple parties involved in an action, and where the trial court has rendered judgment with respect to fewer than all the claims or fewer than all the parties. Civ. R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before *Page 6 
the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.
 {¶ 13} In the absence of express Civ. R. 54(B) language, an appellate court may not review an order disposing of fewer than all claims.IBEW, Loc. Union No. 8 v. Vaughn Indus., LLC, 116 Ohio St.3d 335, 337,2007-Ohio-6439. We need not consider whether the entry before us is a final order under R.C. 2505.02 because the entry does not contain a certification by the trial court that there is no just reason for delay as required by Civ. R. 54(B).
 {¶ 14} ODOT moved for dismissal for lack of subject-matter jurisdiction pursuant to Civ. R. 12(B)(1). On September 11, 2008, the trial court granted ODOT's motion. However, said entry is not a final appealable order since appellant's claims against the remaining defendants were neither adjudicated nor disposed of by the trial court's order. Thus, the breach of contract claims against Stark County and TAB remain pending. Because claims remain pending against named defendants and there is no certification pursuant to Civ. R. 54(B), we lack jurisdiction to adjudicate appellant's assigned errors.
 {¶ 15} Accordingly, we sua sponte dismiss this appeal.
Appeal sua sponte dismissed.
SADLER and TYACK, JJ., concur. *Page 1