[Cite as *Scanlon v. Scanlon*, 2012-Ohio-2317.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97739**

---

## JOHN J. SCANLON, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## PATTI C. SCANLON, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-659632

**BEFORE:** Celebrezze, P.J., Sweeney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEYS FOR APPELLANTS**

**For John J. Scanlon and Neil J. O'Donnell, III**

Ryan P. Nowlin
David M. Lenz
James D. Vail
Schneider, Smeltz, Ranney & LaFond, P.L.L.
1111 Superior Avenue
Suite 1000
Cleveland, Ohio   44114


**FOR APPELLEES**

**Attorneys for Patti C. Scanlon**

Dennis R. Rose
Dipali Parikh
Hahn Loeser & Parks, L.L.P.
200 Public Square
Suite 2800
Cleveland, Ohio   44114

**Attorney for Brian Scanlon**

Fred W. Friend
2619 Edgerton Road
University Heights, Ohio   44118


Colleen Adams, pro se
4330 Peartree Lane, #1
Hemet, California   92544

Kevin Allen, pro se
25 Martin
Hanover Township, Pennsylvania   18706

-continued-

Toby Allen, pro se
11923 Cyclops

Norwalk, California   90650

Tonya Allen, pro se
260 Market Street
Pittston Township, Pennsylvania   18640

Carla Callahan, pro se
3115 Stoney Ridge Road
Avon, Ohio   44011

Annette Hart, pro se
11923 Cyclops
Norwalk, California   90650

Kathy Hoff, pro se
5797 Overlook Way
North Ridgeville, Ohio   44039

Kerrie Japel, pro se
3147 Stoney Ridge Road
Avon, Ohio   44011

Mary Cecile O'Donnell, pro se
2391 Wagar Road
Rocky River, Ohio   44116

Neil O'Donnell, pro se
2791 Wagar Road
Rocky River, Ohio   44116

Mary Pickett, pro se
3132 Killingworth Lane
Twinsburg, Ohio   44087

-continued-

Charles Scanlon, pro se
11207 Peony Lane
Cleveland, Ohio   44111

Michael Scanlon, pro se
1505 McLean Corner Lane
McLean, Virginia   22101

Michael Scanlon, pro se
11207 Peony Avenue

Cleveland, Ohio   44111

Michael Scanlon, pro se
14613 Orchard Park
Cleveland, Ohio   44111

Patrick Daniel Scanlon, pro se
122 Stanley Place
LaPlace, Louisiana 70068

Patrick Scanlon, pro se
2361 Hidden Lake Drive
Palm Harbor, Florida   34683

Daniel Thompson, pro se
127 Cobblestone Way
Novato, California   94945

Delgar Patrick Thompson, pro se
23500 Peartree Lane
Hemet, California   92544

Timothy Thompson, pro se
631 A. So. Glassell
Orange, California   92865

Mary Kathleen Wilcox, pro se
3 Coventry Drive
Haines City, Florida   33844

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellants, several remainder beneficiaries of the Thomas P. Scanlon Family Trust, bring the instant appeal following a grant of summary judgment in favor of Patti Scanlon, executor of the estate of Gertrude Scanlon. The remainder beneficiaries filed suit seeking the return of trust assets they alleged were wrongfully removed. This court, however, is without jurisdiction to decide the matter because there is no final, appealable order in this case.

{¶2} Thomas P. Scanlon established a pour-over trust, which would receive substantial assets at his death. The trust was named the Thomas P. Scanlon Family Trust and was established on October 25, 1990. Thomas P. Scanlon died on February 19, 2005, and his wife, Gertrude Scanlon, became trustee and sole present-interest beneficiary. The trust also named several remainder beneficiaries and specified a percentage of the trust assets they should receive upon Gertrude's death. These beneficiaries included Michael T. Scanlon, John J. Scanlon, Cecile O'Donnell, other relatives of Thomas P. Scanlon, a number of children of these individuals, and Gertrude's son from a previous relationship.

{¶3} Gertrude had withdrawn the entire trust principal by the time of her death on September 25, 2007, and the assets formerly held by the trust were divided as specified by her estate documents.

{¶4} Upon discovering that the trust was empty, John J. Scanlon and Cecile O'Donnell filed suit on May 15, 2008, requesting the return of trust assets from Gertrude's estate and for an accounting. Patti Scanlon, Gertrude's executrix, filed an

answer and motion for summary judgment. Following the submission of dispositive motions, Patrick Scanlon, the son of now-deceased Michael T. Scanlon, sought leave to file a cross-claim against Patti as executrix. The trial court granted leave, and Patrick's cross-claim was accepted.

{¶5} Patti did not respond to Patrick's cross-claim in a timely manner and filed a late answer with a request for leave to file an answer. This request for leave was granted on the same day the court granted her motion for summary judgment. After giving reasons for its decision, the trial court's journal entry states "Defendant Patti C. Scanlon's, as executrix of the estate of Gertrude I. Scanlon, deceased, motion for summary judgment granted."

{¶6} This court's jurisdiction is limited to reviewing final, appealable orders. Section 3(B)(2), Article IV of the Ohio Constitution.

> A final order "is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971). A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Braelinn Green Condominium Unit Owner's Assn. v. Italia Homes, Inc.*, 10th Dist. No. 09AP-1144, 2010-Ohio-2371, ¶ 7, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999).

Relevant here, Civ.R. 54(B) provides that

> [w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶7} The journal entry disposing of this case does not address Patrick's cross-claim. No motion for summary judgment was pending on Patrick's cross-claim

because it was filed after Patti's motion for summary judgment was submitted. Therefore, the trial court's order granting summary judgment cannot be construed to apply to Patrick's cross-claim.

{¶8} The order appealed does not dispose of all claims in the case or otherwise note why there should be no just reason for delay. Therefore, this court lacks a final, appealable order from which jurisdiction flows. *Whitaker-Merrell Co. v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶9} Accordingly, the appeal is dismissed.

It is ordered that appellees recover of appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

JAMES J. SWEENEY, J., and
EILEEN A. GALLAGHER, J., CONCUR