[Cite as *Nationwide Children's Hosp. v. Harper*, 2025-Ohio-5817.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Nationwide Children's Hospital     :
c/o Sawmill Road Management, Co.,

     :

        Plaintiff-Appellee,     :     No. 25AP-308
                                       (M.C. No. 2025 CVG 007600)

v.                             :

                               :     (REGULAR CALENDAR)

Terisha Harper,

     :

        Defendant-Appellant.

     :

---

D E C I S I O N

Rendered on December 30, 2025

---

**On brief:** *Terisha Harper*, pro se. **Argued:** *Terisha Harper*.

---

APPEAL from the Franklin County Municipal Court

DINGUS, J.

{¶ 1} Defendant-appellant, Terisha Harper, appeals an order of restitution from the Franklin County Municipal Court granted to plaintiff-appellee, Nationwide Children's Hospital c/o Sawmill Road Management Co. ("Nationwide"), on its complaint in forcible entry and detainer. Because the trial court did not enter judgment on Harper's counterclaims, the judgment is not yet a final, appealable order. We therefore dismiss this appeal.

## I. Facts and Procedural History

{¶ 2} In February 2025, Nationwide filed this eviction action, alleging that Harper breached her residential lease agreement by failing to pay her monthly rent in January 2025. Nationwide sought possession of the premises and did not request money damages. Harper filed a counterclaim alleging that Nationwide inflicted emotional distress and committed various breaches of the lease agreement, one or more of which she argued were

a procedural bar to Nationwide's action. The trial court scheduled the matter for a hearing and ordered Harper to post a bond in the amount of her monthly rent.

{¶ 3} The matter proceeded to a hearing, during which each party submitted documentation to support their respective claims. Nationwide submitted a tenant ledger reflecting that on July 5, 2024, Nationwide charged Harper $805 for maintenance to interior window blinds—a charge which Harper disputed. The ledger indicates that as of October 4, 2024, Harper was current on rent payments and would have had a zero balance but for the disputed maintenance charge. On November 5, 2024, Harper made a timely rent payment of $695. Nationwide informed Harper that they would not accept her rent payment, citing the $805 outstanding maintenance charge and stating that they have a policy against accepting partial payments. Each month until February 2025, Harper would have had a zero balance but for the disputed $805 maintenance charge, Nationwide's refusal to accept rent payments because they were considered partial payments, and increasing monthly late fees of $150.00, $219.50, and $289.00.

{¶ 4} At the end of the hearing, the trial court determined that Harper was not obligated to pay the $805 maintenance charge—i.e. the charge that caused the arrearage that led to the eviction action. The trial court went on to order Harper to pay back rent, along with $250 in late fees and a $248 eviction fee. The court gave Harper one day to pay the full amount, which would then entitle Harper to an affirmative defense to the eviction action under Columbus Cod.Ord. 4551.07(b)[1] and allow the court to dismiss the case. Otherwise, the court held that it would enter judgment in Nationwide's favor. In other words, Harper would be evicted for failing to make rental payments that the landlord refused to accept, failing to pay late fees on payments that the landlord would not accept, and failing to pay court costs for an action that arose from an invalid maintenance charge.

---

[1] Columbus Cod.Ord. 4551.07(b) provides:

> (b) Tenant's Affirmative Defense after Tendering Rent Prior to an Eviction Judgement
> (1) If a tenant, or an agency or individual on the tenant's behalf, tenders all past due rent with reasonable late fees and court costs to the landlord prior to a judgment and the landlord refuses to accept the payment tendered, the tenant's tender of all past due rent, reasonable late fees, and court costs shall be an affirmative defense to the eviction action filed by the landlord against the tenant for nonpayment of rent.

{¶ 5}   Harper did not pay the amount ordered, and the trial court subsequently entered judgment awarding restitution of the premises and the right to schedule a set-out. The court's judgment did not address or dispose of Harper's counterclaims for breach of contract and emotional distress, nor did it include a determination under Civ.R. 54(B) that there was "no just reason for delay."

{¶ 6}   Harper appealed, and the trial court granted her motion to stay pending appeal, conditioned on her posting a bond each month in the amount of her monthly rent.

## II.   Discussion

{¶ 7}   Because Nationwide's disallowed maintenance charge and its refusal to accept Harper's rent payments were the basis of its complaint, it appears to this court that Nationwide lacked valid grounds on which to seek an eviction.[2]  Regardless, the trial court has not ruled on Harper's counterclaims, and its order of restitution is not yet a final, appealable order.  *See McKibben v. U.S. Restoration & Remodeling, Inc.*, 2015-Ohio-1241, ¶ 21-22 (10th Dist.) (dismissing for lack of a final, appealable order where the judgment did not contain Civ.R. 54(B) language and the defendants' counterclaims remained unresolved).  The trial court retains jurisdiction for further proceedings on Harper's counterclaims, depriving this court of appellate jurisdiction over the cause.  *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).  We therefore lack jurisdiction at this juncture to address the merits of Harper's appeal.

## III.  Disposition

{¶ 8}   This appeal is dismissed for lack of a final, appealable order.

*Appeal dismissed*;
*cause remanded.*

JAMISON, P.J., and BEATTY BLUNT, J., concur.

---

[2] *See Gardens v. Rogers*, 2020-Ohio-5040, ¶ 29, 32 (6th Dist.) (in the context of unpaid repair charges, a landlord cannot claim to evict a tenant based on nonpayment of rent where the lease does not provide  that repair charges are rent); *Playing Card Partners L.L.C. v. Parker*, Hamilton M.C. No. 24 CV 32978, 2025 Ohio Misc. LEXIS 146, *8 (May 2, 2025) ("A landlord may not refuse a timely and full payment of the rent and then evict for nonpayment of that rent."); *Professional Invests. of Am., Inc. v. Ross*, 1982 Ohio App. LEXIS 11686, *5 (8th Dist. Dec. 9, 1982) ("Where a landlord refuses a proper and timely tender of rent, he cannot base an eviction action upon the lessee's failure to pay rent."); *Showe Mgt. Corp. v. Moore*, 2009-Ohio-2312, ¶ 42 (5th Dist.) (if a landlord has made clear that tender of payment will not be accepted, such conduct "renders the [tenant's] requirement to tender meaningless, vain or useless," and the tenant may be excused from further attempts to tender payment).