DECISION AND JUDGMENT ENTRY
{¶ 1} Jack V. Oakley, Jack V. Oakley Trust, and Cardinal Glen Golf Club, LLC ("appellants") appeal the Athens County Common Pleas Court's summary judgment that dismissed appellants' amended complaint and found in favor of The Citizens Bank of Logan ("Citizens Bank") on its counterclaim regarding counts one, two and nine (granting attorney fees). Appellants also appeal the trial court's judgment entry overruling their motion for reconsideration of the summary judgment and granting Citizens Bank's counterclaim on counts six (foreclosure) and nine (setting the amount of attorney fees). Appellants set forth eight assignments of error. We do not address these assignments of error because the entries appealed from are not final appealable orders. The entries do not dispose of all of the claims contained in the counterclaim and none of the entries appealed from contain Civ.R. 54(B) language finding that there "is no just cause for delay." Hence, we lack jurisdiction to reach the merits of this appeal. Accordingly, we dismiss this appeal.
 I {¶ 2} Appellants borrowed money from Citizens Bank to build a golf course. Appellants filed a complaint and later an amended complaint after Citizens Bank refused to loan them any more money. Citizens Bank filed an answer and a nine count counterclaim. The trial court granted Citizens Bank's summary judgment on appellants' amended complaint and counts one, two and nine (granted attorney fees) on Citizens Bank's counterclaim. The court further denied appellants' motion for reconsideration and found in favor of Citizens Bank on counts six and nine (set the amount of attorney fees) of Citizens Bank's counter claim. The court stated that this was a final judgment. Counts three, four, five, seven and eight of Citizens Bank's counterclaim remain pending.
 {¶ 3} Initially, we must determine whether the trial court's judgment entries are final appealable orders. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins.Co. v. Ins. Co. of North America (1989), 44 Ohio St.3d 17;Noble v. Colwell (1989), 44 Ohio St.3d 92. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble, supra; Jarrett v. Dayton Osteopathic Hosp.,Inc. (1985), 20 Ohio St.3d 77. We have no choice but to sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184.
 {¶ 4} Here, we find that the trial court's orders are not final and appealable because they do not dispose of all of the claims at issue. The entries do not resolve counts three, four, five, seven and eight of Citizens Bank's counterclaim. Because the entries appealed from disposed of fewer than all of the claims and because the trial court did not certify under Civ.R. 54(B) that there was no just cause for delay, the entries are not final and appealable. Hence, we lack jurisdiction to consider this appeal. Accordingly, we must dismiss this appeal for lack of a final appealable order.
Appeal dismissed.
Harsha, J., Concurs in Judgment and Opinion.
Evans, J., Not Participating.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee shall recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concur in Judgment and Opinion
Evans, J.: Not Participating.