DECISION AND JUDGMENT ENTRY
{¶ 1} Kathryn VanFossen, mother of the three minor children who are the subjects of this case, appeals the Washington County Court of Common Pleas, Juvenile Division, adjudication granting legal custody of Michael Nichols to Norman Nichols, Sr. and Charlotte Nichols. VanFossen contends that she did not receive effective assistance of counsel, that the trial court erred by allowing the introduction of highly prejudicial evidence against her, and that the trial court's judgment is against the manifest weight of the evidence and an abuse of discretion. Because the entry VanFossen appeals from is not a final appealable order, we lack jurisdiction to address the merits of this case. Accordingly, we dismiss the appeal.
 I {¶ 2} The trial court held a dispositional hearing regarding VanFossen's children, Michael Nichols, Kyra VanFossen, and Jeffrey Peer. VanFossen, along with the fathers of Kyra and Jeffrey, appeared before the court and stipulated that Kyra and Jeffrey should be placed in the temporary custody of Amanda and Denny VanFossen, subject to protective supervision by Washington County Children Services. VanFossen contested the motion for legal custody filed by Norman Nichols, Sr. and Charlotte Nichols with regard to Michael Nichols. The court received evidence on the issue of whether it is in the best interest of Michael to be placed in the legal custody of Norman Nichols, Sr. and Charlotte Nichols.
 {¶ 3} By a journal entry issued on June 24, 2003, the court found that Washington County Children Services had made reasonable efforts to prevent Kyra and Jeffrey's continued removal from their home, and that it was in the best interest of the children to remain in the temporary custody of Amanda and Denny VanFossen. The court granted visitation to the fathers and to VanFossen. The trial court did not address the issue of child support. However, the record reflects that the court scheduled a child support hearing for a later date.
 {¶ 4} With regard to Michael Nichols, the court found that it is in the best interest of Michael to be placed in the legal custody of Norman Nichols, Sr. and Charlotte Nichols, and ordered that he be placed in their custody, subject to protective supervision by Washington County Children Services. The journal entry contains a stamp at the bottom of the first page that reads "FINAL APPEALABLE ORDER Notify Parties."
 {¶ 5} VanFossen appeals the disposition of Michael. Specifically, VanFossen contends that she did not receive effective assistance of counsel, that the trial court erred by allowing the introduction of highly prejudicial evidence against her, and that the trial court's judgment is against the manifest weight of the evidence and an abuse of discretion.
 II {¶ 6} Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins.Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17; Noble v.Colwell (1989), 44 Ohio St.3d 92. We have no choice but to sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184. A trial court's finding that its judgment is a final appealable order is not binding upon this court. Ft. FryeTeachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.
(1993), 87 Ohio App.3d 840, 843, fn. 4, citing Pickens v.Pickens (Aug. 25, 1992), Meigs App. No. 459. See, also, Noblev. Colwell (1989), 44 Ohio St.3d 92, 96.
 {¶ 7} To be a final appealable order, an order must meet both the requirements of Civ.R. 54(B), if applicable, and R.C.2505.02. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. VanFossen contends that the journal entry she appeals from constitutes a final appealable order pursuant to R.C. 2505.02 because it affects a substantial right and was issued from a special proceeding. However, pursuant to Civ.R. 54(B), when an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble, supra at syllabus; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, syllabus.
 {¶ 8} Here, we find that the trial court's order is not final and appealable because it does not dispose of all of the claims, rights and liabilities of all the parties. Specifically, the order does not address the issue of child support with regard to Kyra and Jeffrey. Because the entry appealed from disposed of fewer than all of the claims and because the trial court did not certify under Civ.R. 54(B) that there was no just cause for delay, the entry is not final and appealable. Hence, we lack jurisdiction to consider this appeal. Accordingly, we must dismiss this appeal for lack of a final appealable order.
Appeal Dismissed.
Harsha and Abele, JJ., concur in judgment and opinion.
JUDGMENT ENTRY.
It is ordered that the APPEAL BE DISMISSED and that Appellee shall recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.