DECISION AND JUDGMENT ENTRY
{¶ 1} Jack V. Oakley, Jack V. Oakley Trust, and Cardinal Glen Golf Club, LLC ("appellants") appeal the Athens County Common Pleas Court's judgment entry that granted summary judgment in favor of The Citizens Bank of Logan ("Citizens Bank") on appellants' amended complaint, found in favor of Citizens Bank on its counterclaim regarding counts one, two, six and nine, denied appellants' motion for reconsideration, and certified that there is no just reason for delay. Appellants set forth eight assignments of error. We do not address these assignments of error because we find that the entry appealed from is not a final appealable order, despite the "no just reason for delay" certification. Thus, we lack jurisdiction to address the merits of this case. Accordingly, we dismiss the appeal.
 I. {¶ 2} Appellants borrowed money from Citizens Bank to build a golf course. Appellants filed a complaint and later an amended complaint after Citizens Bank refused to lend them any more money. Citizens Bank filed an answer and counterclaim. In its counterclaim, Citizens Bank alleged nine counts: (1) against appellants, default and breach of note and security agreement issued in the principal sum of $1,000,000 for the golf course; (2) against Oakley, default and breach of note and security agreement issued in the principal sum of $237,463.75 for the purchase of irrigation equipment for the golf course; (3) against Oakley, default and breach of note and security agreement issued in the principal sum of $30,000 for business purposes associated with DryDock Coal Company ("DryDock"); (4) against Oakley, default and breach of note and security agreement issued in the principal sum of $250,000 for business purposes associated with DryDock; (5) against Oakley, default and breach of note and security agreement issued in the principal sum of $236,000 for business purposes associated with DryDock; (6) an action in foreclosure on the golf course property that secured the $1,000,000 loan; (7) an action for an accounting against appellants on the five loans described in counts one through five; (8) a claim of unjust enrichment against appellants on the five loans described in counts one through five; and (9) a claim for attorney fees against appellants.
 {¶ 3} The trial court granted summary judgment to Citizens Bank on appellants' amended complaint and on counts one, two and nine (granting attorney fees.) Appellants filed a motion for reconsideration. The trial court denied appellants' motion for reconsideration and found in favor of Citizens Bank on counts six and nine (setting the amount of attorney fees) on its counterclaim. The court stated that its entry was a final judgment, but did not certify that there was no just reason for delay.
 {¶ 4} Appellants timely appealed. Noting that counts three, four, five, seven and eight of Citizens Bank's counterclaims remained pending and that the trial court did not certify that there was no just reason for delay, we found that we lacked jurisdiction. Hence, we dismissed the appeal. Oakley v. CitizensBank of Logan, Athens App. No. 03CA13, 2004-Ohio-1995.
 {¶ 5} The trial court issued a judgment entry in which it noted that its previous journal entries failed to expressly dispose of all claims of all parties. The court made the express determination that "there is no just reason for delay" pursuant to Civ.R. 54(B). Appellants again timely appealed. We granted appellants' motion to consider appellants' and appellee's merit briefs filed in Athens App. 03CA13.
 II. {¶ 6} Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins.Co. v. Ins. Co. of N. America (1989), 44 Ohio St.3d 17; Noblev. Colwell (1989), 44 Ohio St.3d 92. We have no choice but to sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184; Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA5.
 {¶ 7} To constitute a final appealable order, an order must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. First, we determine if the order is final within the requirements of R.C. 2505.02. If so, we then proceed to the second step to determine if Civ.R. 54(B) language is required. General Acc. Ins. at 21.
 {¶ 8} A final order is defined by R.C. 2505.02 as "[a]n order that affects a substantial right in an action which in effect determines the action." A final decree is one which determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306.
 {¶ 9} An order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable.Noble at syllabus. Civ.R. 54(B) provides: "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R.54(B) is designed to strike a reasonable balance between the policy against piecemeal appeals and the possible injustice sometimes created by the delay of appeals. Alexanderv. Buckeye Pipeline Co. (1977), 49 Ohio St.2d 158.
 {¶ 10} For the purposes of Civ.R. 54(B) certification, the trial court makes a factual determination of whether or not an interlocutory appeal is consistent with the interests of sound judicial administration. Wisintainer v. Elcen Power Strut Co.
(1993), 67 Ohio St.3d 352, paragraph one of the syllabus. On appeal, we review these findings under a competent, credible evidence standard. Bell Drilling Producing Co. v. KilbargerConst., Inc. (Jun. 26, 1997), Hocking App. No. 96CA23, citingHausman v. Dayton (Dec. 22, 1993), Montgomery App. No. 13647, reversed on other grounds (1995), 73 Ohio St.3d 671. We will not substitute our judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. Wisintainer at 355.
 {¶ 11} We focus our determination on whether the court's determination serves judicial economy at the trial level. BellDrilling Producing; Wisintainer at 355. We need not find that the trial court's certification is the most likely route to judicial economy, "but that it is one route which might lead there." Wisintainer at 355. While this is a very deferential standard, and appellate courts are reluctant to strike such a certification, "the trial court's use of the `magic language' of Civ.R. 54(B) does not, by itself, convert a final order into a final appealable order." (Emphasis sic.) Bell Drilling Producing, citing Ralston v. Scalia (Jan. 10, 1994), Stark App. No. CA-9344 (appeal dismissed for lack of final appealable order notwithstanding the presence of no just reason for delay language.)
 {¶ 12} Our review of the record leads us to conclude this is one of those rare occasions when the trial court's certification is not justified. Counts seven and eight of Citizens Bank's counterclaim seek relief, like counts one, two and six, relating to appellants' failure to make payments on the $1,000,000 and $237,463.75 issued for the construction and irrigation of the golf course. We see no judicial benefit to the trial court in allowing piecemeal appellate review of these claims. We respect the trial court's determination that Citizens Bank's claims relating to the DryDock loans are separable from the golf course loans. However, we find no competent and credible evidence in the record supporting a finding that judicial economy would be furthered by permitting intermediate appeal on only some of the claims related to the golf course loans.
 {¶ 13} Accordingly, we hold that the trial court improperly issued the Civ.R. 54(B) certification. Thus, we lack jurisdiction to consider this appeal. We dismiss the appeal for lack of a final appealable order.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee shall recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Grey, J.: Concur in Judgment and Opinion.