{¶ 32} I respectfully dissent.
 {¶ 33} In my view, plaintiffs did not appeal a final, appealable order, because the order fails to dispose of their request for attorney fees.
 {¶ 34} Before considering the merits of the appeal, we must determine whether the parties appeal a final appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ]}6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989), *Page 12 
44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. "An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, at syllabus. "A trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ]}6, citing Ft. Frye Teachers Assn. v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459.
 {¶ 35} Pursuant to R.C. 2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is* * *[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment* * *" or "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." Ohio courts have held that "[a] final order is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v.Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02
and Civ. R. 54(B) in order to be final and appealable." Noble, supra, at syllabus.
 {¶ 36} Here, the Plaintiffs prayed for attorney fees in their complaint. However, the court has never disposed of the Plaintiffs' request for such fees in any entry. Thus, such request remains unresolved. The Supreme Court of Ohio holds that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express *Page 13 
determination that there is no just reason for delay, is not a final, appealable order." Internatl. Bhd. of Electrical Workers, Local UnionNo. 8 v. Vaughn Industries, L.L.C., 116 Ohio St.3d 335, 2007-Ohio-6439, paragraph two of syllabus.
 {¶ 37} Further, this court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v. EaglesFoe Aerie 2232, Adams App. No. 99CA678, citing Horner v. ToledoHospital (1993), 94 Ohio App.3d 282. Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See In re Sites, Lawrence App. No. 05CA39, 2006-Ohio-3787, ¶ 16.
 {¶ 38} In Sites, this court specifically held that where attorney fees are specifically requested in the prayer for relief, such a claim must be addressed and resolved before an order becomes a final appealable order. Id. at ¶ 18. A "trial court's failure to resolve [a party's] attorney fee request renders the judgment * * * interlocutory." Id. at ¶ 16. Thus, because plaintiffs' prayer for attorney fees remains unresolved, no final appealable order exists, and this court has no jurisdiction to consider this appeal. As such, I would dismiss this appeal for lack of a final appealable order.
 {¶ 39} Accordingly, I dissent. *Page 14 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Opinion
Kline, J.: Dissents with Dissenting Opinion
 Peter B. Abele, Presiding Judge *Page 1