{¶ 22} I respectfully dissent because I do not believe that the Wilsons (appellants) appealed a final, appealable order.
 {¶ 23} Before considering the merits of the appeal, we must determine whether the Wilsons appealed a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. "An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86, at syllabus. "A trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. *Page 13 Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993),87 Ohio App.3d 840, 843, fn. 4, citing Pickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459.
 {¶ 24} Pursuant to R.C. 2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is* * *[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment* * *" or "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." Ohio courts have held that "[a] final order is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v.Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02
and Civ. R. 54(B) in order to be final and appealable." Noble, supra, at syllabus.
 {¶ 25} Civ.R. 54(B) states, "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only *Page 14 
upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 26} Here, the Wilsons initially filed their complaint against Dale Brown and Thelma Brown. However, Dale Brown died shortly thereafter. When the original complaint remained pending, only Thelma Brown moved for summary judgment requesting "an order for summary judgment inher favor dismissing the complaint of Plaintiffs." [Emphasis added.] No similar motion was filed on behalf of Dale Brown. Later, the Wilsons amended their complaint by asserting claims against Thelma Brown individually and as the executrix of the estate of Dale Brown. Following the filing of the amended complaint, no further summary judgment motions were filed.
 {¶ 27} In its decision on Thelma Brown's motion for summary judgment, the court specifically found that the "claims against Thelma L. Brownas an individual should be dismissed[,]" and that "[n]othing is *Page 15 
pending regarding the claim of the plaintiffs [i.e., the Wilsons] against Dale H. Brown or his estate." [Emphasis added.] In this context, the words "[n]othing is pending" mean, in my view, that no other motion for summary judgment is pending as it relates to Dale H. Brown or his estate. In other words, the express language of the trial court's decision dismissed the Wilsons' claims as against Thelma Brown individually only, while the claims against the estate of Dale Brown, i.e. Thelma Brown in her capacity as executrix of Dale Brown's estate, remained pending.
 {¶ 28} The court's subsequent order specifically references its decision filed April 5, 2007, and states that "Defendants' motion for summary judgment is well taken and is hereby granted. It isORDERED that the complaint is hereby dismissed." In my view, the first word contains a typo. I read the court's adopted words to say, "[Defendant's] motion for summary judgment is well taken and is hereby granted. It is ORDERED that the complaint is hereby dismissed [as it relates to Thelma Brown]." As acknowledged by the court in its April 5, 2007 decision, only Thelma Brown filed a motion for summary judgment. As such, the April 9, 2007 judgment entry should be construed as dismissing the claims against Thelma Brown as an individual only, while the Wilsons' claims against the estate of Dale *Page 16 
Brown remain pending. Because the April 9, 2007 order contains no Civ.R. 54(B) language, it cannot be a final appealable order.
 {¶ 29} As such, I would dismiss this appeal for lack of a final, appealable order. Thus, I dissent. *Page 17 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
 Kline, J.: Dissents with Dissenting Opinion. *Page 1