{¶ 17} I agree with the majority that the trial court erred when it overruled appellants' Civ. R. 52 motion for findings of fact and conclusions of law. I write separately to state my reasons for finding that the trial court had jurisdiction to consider the motion and that the appellants' timely filed it.
 Jurisdiction Issue {¶ 18} I view the court's October 11, 2006 entry as the court's announcement of its decision. As such, it was not a final, appealable order. Therefore, I believe the appellants' notice of appeal did not divest the trial court of jurisdiction to consider the Civ. R. 52 motion filed on February 16, 2007. See Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25, *Page 9 2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution.
 Timely Issue {¶ 19} Civ. R. 52 states in relevant part, "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
 {¶ 20} Here, the court's "announcement of its decision" was on October 11, 2006. Therefore, the appellants' had until October 18, 2006 ("seven days") or "before the entry of judgment" to file the Civ. R. 52 motion. The entry of judgment was filed on July 27, 2007. Therefore, because the motion was filed on February 16, 2007, several months before the entry of judgment, I agree with the majority that the motion was timely filed.
 {¶ 21} Accordingly, for the above stated reasons, I concur with the majority. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment and Opinion with Opinion. *Page 1