DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-Appellants, Gary Burgess and Amber Vest ("Appellants") appeal the judgment of the Pickaway County Court of Common Pleas granting summary judgment in favor of Plaintiffs-Appellees, Anthony and Michelle Jones ("Appellees"). On appeal, Appellants contend that issues of material fact remain precluding summary judgment in favor of Appellees. However, the trial court's order never disposed of Appellees' prayer for attorney fees requested in the complaint. Therefore, we find that Appellants did not appeal a judgment that is a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction. I.
 {¶ 2} In 2005, Appellees entered into a lease to purchase agreement involving property in Orient, Ohio. A year into the lease to purchase agreement, Appellees *Page 2 
presented Appellants with a notice to leave the premises, citing a number of grounds for the notice. Appellants later moved from the property.
 {¶ 3} In early 2007, Appellees filed a complaint in the trial court against Appellants alleging property damage to leased property, unjust enrichment and a breach of a lease agreement for reason of failure to pay rent. Appellees prayed for damages in the amount of $7,200 for non-payment of rent and ongoing lost rent damages in the amount of $1,200 per month until the future date of the court's judgment; condominium fees in the total amount of $116.10 plus $19.35 per month until the property is released or sold; $18,565 for property damages; $5,263 for HVAC repair and replacement; $412.32 for a water bill; attorney fees, costs and interest.
 {¶ 4} Appellants answered and asserted a counterclaim against Appellees alleging breach of contract and seeking damages in excess of $25,000.
 {¶ 5} Appellees moved for summary judgment. In their motion, Appellees requested judgment for rent from September 2006 through August 2008, i.e., $28,800, and damages to the rental property in the amount of $24,240.32. Appellees also moved for a judgment that Appellants forfeited the $6,850 in earnest money paid, and requested the dismissal of Appellants' counterclaim. Appellants filed no memorandum in opposition to Appellees' motion for summary judgment.
 {¶ 6} The trial court granted summary judgment in favor of Appellees. The court concluded that Appellants forfeited the right to the $6,850 in earnest money, owed rental payments in the amount of $14,400 from September 2006 through August 2007, owed further rental payments in the amount of $14,400 from September 2007 through August 2008, and damages to the rental property in the amount of $24,240.32. The *Page 3 
court made no disposition with regard to Appellees' request for attorney fees.
 {¶ 7} Appellants appeal asserting the following assignments of error: (1) THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT DETERMINED APPELLANTS BREACHED THE LEASE PURCHASE AGREEMENT * * *; and (2) THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT AWARDED MONETARY DAMAGES TO APPELLEES * * *."
 II. {¶ 8} Initially, we address the threshold issue of whether the judgment entry appealed is a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, ¶ 6, citing Section 3(B)(2), Article IV of the Ohio Constitution; General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." In re Nichols, Washington App. No. 03CA41,2004-Ohio-2026, ¶ 6, citing Ft. Frye Teachers Assn. v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 25, 1992), Meigs App. No. 459. This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing Whitaker-Merrell v. Geupel Constr.Co. (1972), 29 Ohio St.2d 184.
 {¶ 9} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B). "A *Page 4 
final order * * * is one disposing of the whole case or some separate and distinct branch thereof." Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306.
 {¶ 10} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." Noble at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ. R. 54(B), the order is not final and appealable. See Jackson v. Scioto Downs, Inc. (1992),80 Ohio App.3d 756, 758. Further, a judgment contemplating further action by the court is not a final appealable order. Nationwide Assur. Inc, v.Thompson, Scioto App. No. 04CA2960, 2005-Ohio-2339, ¶ 8, citing Bell v.Horton, 142 Ohio App.3d 694, 696, 2001-Ohio-2593.
 {¶ 11} The Supreme Court of Ohio recently held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order." Internatl. Bhd. Of Electrical Workers, Local Union No. 8 v.Vaughn Industries, L.L.C., 116 Ohio St.3d 335, 2007-Ohio-6439, paragraph two of the syllabus. This court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v. EaglesFoe Aerie 2232 (Feb. 15, 2000), Adams App. No. 99CA678, citing Hornerv. Toledo Hospital (1993), 94 Ohio App.3d 282.
 {¶ 12} Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See Britton v.Gibbs Assoc, Highland App. No. 06CA34, 2008-Ohio-210, *Page 5 
Pickaway App. No. 07CA37 5 ¶ 12; In re Sites, Lawrence App. No. 05CA39,2006-Ohio-3787, ¶ 16; see, also, Miller v. First International Fidelity Trust Building, Ltd., 165 Ohio App.3d 281, 2006-Ohio-187, ¶ 36. However, in Jones v. McAlarney Pools, Spas Billiards, Inc., Washington App. No. 07CA34, 2008-Ohio-1365, ¶ 11, this court interpreted the syllabus in Vaughn "in light of its underlying facts" and applied the "broad syllabus language" only to those instances where attorney fees are requested pursuant to a "specific statutory or rule authority[.]" Absent an attorney fee request under specific authority, appellate courts should "treat the fee request as having been overruled subsilento" when not specifically disposed of in the trial court's order. Id.
 {¶ 13} Here, Appellees prayed for attorney fees in the complaint. While Appellees cite to no specific statutory section in the complaint under which attorney fees are sought, at least part of the complaint asserts damages to the premises as well as damages to a furnace on the leased premises. Pursuant to R.C. 5321.05(A)(6), a tenant must "refrain and forbid any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the premises." Under R.C. 5321.05(A)(7), a tenant must "[m]aintain in good working order and condition any range, refrigerator, washer, dryer, dishwasher, or other appliances supplied by the landlord and required to be maintained by the tenant under the terms and conditions of a written rental agreement." Thus, the complaint is arguably based upon R.C. 5321.05(A)(6) (7).
 {¶ 14} When a tenant violates R.C. 5321.05(A)(6) or (A) (7), "the landlord may recover any actual damages that result from the violation together with reasonable attorney's fees." R.C. 5321.05(C)(1). Thus, Appellees may be statutorily entitled to the *Page 6 
attorney fee request prayed for in the complaint under R.C. 5321.05(C)(1). As a result, not only is the attorney fee prayer currently unresolved, there is statutory authority upon which Appellees could rely in recovering such fees. See McAlarney Pools, supra.
 {¶ 15} Because Appellees prayed for attorney fees in their original complaint and the trial court's order does not dispose of that prayer for relief, the order cannot be a final, appealable order. Accordingly, we dismiss this appeal because we lack of jurisdiction to consider it.
 APPEAL DISMISSED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and Appellants pay the costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. McFarland, J.: Concurs in Judgment and Opinion. *Page 1