[Cite as *Office of Scioto Twp. Zoning Insepctor v. Puckett*, 2013-Ohio-703.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| OFFICE OF THE SCIOTO TOWNSHIP ZONING INSPECTOR, ET AL., | : : : | |
| | : | |
| Plaintiffs-Appellees, | : | Case No. 12CA5 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| ROBERT AND BERNA PUCKETT, | : | ENTRY |
| | : | |
| Defendants-Appellants. | : | **Released: 02/07/13** |

_____

APPEARANCES:

James R. Kingsley, Circleville, Ohio, for Appellant.

William L. Archer, Jr., Circleville, Ohio, for Appellees.

_____

McFarland, P. J.

{¶1} Appellants, Robert and Berna Puckett, appeal the decisions of the Pickaway County Court of Common Pleas, denying their motion for reconsideration of the trial court's grant of summary judgment in favor of Appellees. They also appeal the granting of Appellees' request for a permanent injunction with the respect to Appellants' operation of a pay pond. On appeal, they contend 1) the trial court committed prejudicial error when it found Appellants were not engaged in aquaculture; and 2) the trial

court committed prejudicial error when it enjoined Appellants from committing a nuisance. Because we conclude that the order and decision appealed from is not a final, appealable order, Appellants' appeal is dismissed.

Facts

{¶2} On October 27, 2009, Appellee, Office of the Scioto Township Zoning Inspector, filed a complaint which included a claim for injunctive relief, against Appellants, Robert and Berna Puckett, in connection with Appellants' operation of a pay lake, or pay pond. Specifically, the complaint alleged that the operation of the pay lake was an unlawful home occupation being conducted in violation of the terms and provisions of the Scioto Township Zoning Resolution. The complaint alleged that the area in which Appellants' pay lake was located is an AG district, or Agriculture district. The complaint further alleged that Section 13.05 of the Resolution "limits the Conditional Uses in an AG district to 'public parks and/or nature preserves, and private landing fields for aircraft.' "[1] Appellant's overall complaint contained a claim for declaratory judgment, a permanent injunction, a preliminary injunction, and the assessment of civil sanctions.

---

[1] In a previous decision related to this matter, this Court held that this pay lake was not a "public park," as the phrase is used in the zoning resolution setting forth the permitted conditional uses. *Puckett v. Scioto Township Board of Zoning*, 4th Dist. No. 05CA20, 2005-Ohio-5430.

The prayer for relief also contained a request for costs, expenses and attorneys' fees.

{¶3} The matter proceeded along, and at one point was consolidated with another case, *James David Fisher et al., v. Robert Puckett, et al.*, case no. 2010-CI-0030, which also contained as the primary issue, the operation of Appellants' pay lake. On March 1, 2011, Appellee filed a motion for summary judgment on the issue of Appellants' "pay pond qualifying as aquaculture." On April 8, 2011, Appellants filed their memo contra to Appellee's motion for summary judgment, and also filed their own motion for summary judgment, addressing only the issue of aquaculture. Appellee responded to Appellants' motion for summary judgment on April 18, 2011.[2] On August 23, 2011, the trial court entered a decision granting summary judgment in favor of Appellees on the issue "aquaculture" and denied Appellants' motion for summary judgment. Then, on November 1, 2011, the trial court issued a "Judgment Entry On Whether The Defendants Are Engaged In Aquaculture," ultimately deciding that they were not. The matter was deconsolidated from the other related case on November 17, 2011.

---

[2] In addition to these summary judgment motions, there were other summary judgment motions filed with respect to the related, consolidated case. However, as these motions are not relevant to our disposition of the current appeal, we omit them from our discussion herein.

{¶4} Subsequently, on January 17, 2012, Appellants filed a motion for reconsideration, requesting the trial court to reconsider its decision on the issue of aquaculture, which motion was denied by the trial court on February 28, 2012, finding "no just cause for delay."  Finally, on March 19, 2012, the trial court issued a "Final Judgment Entry Containing Permanent Injunction," in which it granted Appellee's request for a permanent injunction and ordered Appellants to "permanently cease any activity related to and associated with the operation of a pay pond[.]"  It is from the trial court's February 28, 2012, and March 19, 2012, entries that Appellants bring their appeal, assigning the following errors for our review.

Assignments of Error

"I.    DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR
       WHEN IT FOUND DEFENDANTS WERE NOT ENGAGED IN
       AQUACULTURE?

II.    DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR
       WHEN IT ENJOINED APPELLANT FROM COMMITTING A
       NUISANCE?"

Legal Analysis

{¶5} Before we reach the merits of Appellants' assignments of error, we must initially address the threshold issue of whether the judgment entry appealed is a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." *Oakley v. Citizens Bank*

*of Logan*, 4th Dist. No. 04CA25, 2004-Ohio-6824, ¶ 6; citing Section 3(B)(2), Article IV of the Ohio Constitution; *General Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989); *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989). Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." *In re Nichols*, 4th Dist. No. 03CA41, 2004-Ohio-2026, ¶ 6; citing *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.*, 87 Ohio App.3d 840, 843, 623 N.E.2d 232, fn. 4 (1993); citing *Pickens v. Pickens*, 4th Dist. No. 459, 1992 WL 209498 (Aug. 27, 1992). This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." Id. at ¶ 6, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971).

{¶7} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." *Noble* at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See *Jackson v. Scioto Downs, Inc.*, 80 Ohio App.3d 756, 758, 610 N.E.2d 613 (1992). Further, a judgment contemplating further action by the court is not a final appealable order. *Nationwide Assur. Inc, v. Thompson*, 4th Dist. No. 04CA2960, 2005-Ohio-2339, ¶ 8; citing *Bell v. Horton*, 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (2001).

{¶8} As this court previously noted in *Fagan v. Boggs*, 4th Dist. No. 08CA45, 2009-Ohio-6601, ¶ 11, the Supreme Court of Ohio has held that " '[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order.' " *Internatl. Bhd. Of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, paragraph two of the syllabus. This court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a

separate claim in and of themselves." *Shelton v. Eagles Foe Aerie 2232* (Feb. 15, 2000), 4[th] Dist. No. 99CA678, 2000 WL 203857 (Feb. 15, 2000); citing *Horner v. Toledo Hospital*, 94 Ohio App.3d 282, 640 N.E.2d 857 (1993).

**{¶9}** Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. See *Britton v. Gibbs Assoc.*, 4th Dist. No. 06CA34, 2008-Ohio-210, ¶ 12; *In re Sites*, 4th Dist. No. 05CA39, 2006-Ohio-3787, ¶ 16; see, also, *Miller v. First International Fidelity & Trust Building, Ltd.*, 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87, ¶ 36. In *Jones v. McAlarney Pools, Spas & Billiards, Inc.*, 4th Dist. No. 07CA34, 2008-Ohio-1365, ¶ 11, this Court interpreted the syllabus in *Vaughn* "in light of its underlying facts" and applied the "broad syllabus language" only to those instances where attorney fees are requested pursuant to a "specific statutory or rule authority[.]" See, also, *Jones v. Burgess,* 4th Dist. No. 07CA37, 2008-Ohio-6698, ¶12. Absent an attorney fee request under specific authority, appellate courts should "treat the fee request as having been overruled sub silento" when not specifically disposed of in the trial court's order. Id. Further, we have historically dismissed appeals for lack of a final, appealable order when a trial court specifically 1) raises the

attorney issue and defers its adjudication, or 2) awards attorney fees and defers the determination of the amount of fees. *Jones v. McAlarney* at ¶10 (citations omitted).

{¶10} Here, Appellees initial complaint requested civil sanctions, costs and expenses. Appellees also prayed for reasonable attorneys' fees in their amended complaint. Although they did not argue that they were entitled to attorney fees pursuant to a specific statute, the trial court specifically raised the issue of damages in its entry, but deferred the determination of damages at that time. The trial court's entry dated March 19, 2012, stated as follows: "The Court expressly finds that pursuant to Civ.R. 54(B), there is no just reason for delay, as the only issue remaining is damages, which is not itself a claim."

{¶11} As set forth above, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. See *Jackson v. Scioto Downs, Inc.*, supra, at 758. Further, "[a] finding of 'no just cause for delay' pursuant to Civ.R. 54(B) does not make appealable an otherwise nonappealable order." *McKee v. Inabnitt*, 4th Dist. No. 01CA711, 2001 WL 1913873, *2 (Sept. 26, 2001). Because the trial court's order specifically raised, but failed to determine the issue of damages, including attorney fees which were

requested in Appellants' initial complaint, the judgment clearly contemplated further action by the court and therefore is not a final appealable order. *Fagan v. Boggs* at ¶ 14; citing *Nationwide Assur. Inc, v. Thompson* at ¶ 8; citing *Bell v. Horton* at 696.  Accordingly, we dismiss this appeal because we lack of jurisdiction to consider it.

**APPEAL DISMISSED.**

## __JUDGMENT ENTRY__

It is ordered that the APPEAL BE DISMISSED and that the Appellees recover of Appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Kline, J.:      Concur in Judgment and Opinion.


For the Court,

BY:      _____
         Matthew W. McFarland
         Presiding Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**