[Cite as *Miller v. Hempfling*, 2017-Ohio-8276.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Robert K. Miller, et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | Case No. 17CA3612 |
| | : | |
| v. | : | |
| | : | |
| Ralph D. Hempfling, et al., | : | **DECISION AND JUDGMENT ENTRY** |
| | : | |
| Defendants-Appellees. | : | |
| | : | **RELEASED: 10/18/17** |

_____

Harsha, A.J.

{¶1}    Appellants Robert M. Miller and Nancy Lallier filed an appeal from two trial court orders issued in January and February 2015.  As it appeared we may not have jurisdiction to consider this matter because the notice of appeal was filed more than 30 days after the trial court entered judgment, we ordered appellants to file a memorandum addressing this jurisdictional issue. *See* Magistrate's Order, August 28, 2017.  In response appellants filed a memorandum in support of jurisdiction that contends the appeal is timely (but premature) even though it is dated more than 30 days after the orders were entered. However, they also argue that the orders from which they are appealing are not final appealable orders and ask us to dismiss the appeal, and remand the matter to the trial court to enter a final order.

{¶2}    Appellees oppose jurisdiction, arguing that the January 2015 order was a final order and that we should dismiss the appeal as untimely.

{¶3}    We find that the January and February 2015 orders were interlocutory orders. However, they merged with the final judgment issued on March 30, 2015 that

vacated the evidentiary hearing and accepted the parties' agreed inventory schedule. Appellants filed this appeal on August 16, 2017, more than two years too late. We **DISMISS** this appeal as untimely.

## I. Procedural History

{¶4} Appellants Miller and Lallier are successor co-executors of the estate of Robert B. Miller and are his surviving children. Marjorie Distelhorst was the original executor of the Miller estate but is deceased. Appellee Hempfling is Distelhorst's son and sole heir. Hempfling is the executor of the Distelhorst estate. Robert B. Miller and Marjorie Distelhorst lived together at 3132 Sugar Run Road before their deaths. Robert B. Miller's will bequeathed all of his tangible and intangible personal property to Distelhorst, together with a life estate in the Sugar Run residence. Disputes arose during the administration of the estates.

{¶5} In 2013 Miller and Lallier sued Hempfling for (1) fraudulent transfers, (2) unjust enrichment, (3) conversion, and (4) concealment/embezzlement under R.C. 2109.50. Hempfling counterclaimed for concealment/embezzlement under R.C. 2109.50. The trial court held a bench trial in January 2015. On January 23, 2015, the trial court issued an entry that addressed Miller and Lallier's four claims and Hempfling's counterclaim. The trial court found against Hempfling on the unjust enrichment claim in the amount of $9,924.07, in his favor on the remaining claims, and in his favor on his counterclaim. However, on Hempfling's counterclaim the entry states:

> Robert K. Miller is hereby ordered to permit the removal of all assets owned by the Estate of Marjorie C. Distelhorst as listed in the attached "Exhibit A" within seven (7) days of the date of this entry. Based upon the evidence presented, the Court finds the value of the withheld property to

be $10,000.00. If Robert K. Miller refuses to permit Ralph D. Hempfling access to the residence to take possession of said property, the court will enter judgment in the amount of $10,000.00, plus the 10% penalty and schedule the matter for further hearing on the matter of attorney fees. The parties shall each be responsible for one half of the courts costs in excess of the deposit. (January 23, 2015 Entry, p. 16)

{¶6}    Shortly after the entry, Hempfling filed a motion for clarification of his counterclaim award.  Hempfling contended that he was granted access to the Sugar Run residence and discovered additional personal property that was not identified in Exhibit A to the trial court's entry, which he claimed belong to the Distelhorst estate. (Motion, Feb. 4, 2015)

{¶7}    In response the trial court issued a second entry on February 5, 2015 that stated:

It is the intention of the Court, and by way of clarification, it is hereby ordered that Robert K. Miller permit the removal of all property owned by the Estate of Marjorie C. Distelhorst, including but not limited to those items listed on Exhibit A, and including but not limited to those items formerly the property of the Estate of Robert B. Miller.

The Court therefore directs the parties, with their counsel present and participating, to prepare a complete schedule of all personal property currently located on the premises at 3132 Sugar Run Road, Chillicothe, Ohio. On the schedule the parties shall designate that property which the parties agree are the property of the Estate of Marjorie C. Distelhorst, including that property inherited from the Estate of Robert B. Miller and other property otherwise owned by Marjorie at the time of her death. Said schedule shall be completed and submitted to the Court within fourteen (14) days of the date of this Entry. Robert K. Miller shall permit the immediate removal of said property from the premises. Any remaining property shall be identified on the schedule indicating the respective claims of ownership.

This matter is set for a hearing on March 5, 2015 at 9:00 am., at which time the Court will take evidence on the ownership of the disputed property.

Robert K. Miller is ordered not to remove any property from the premises at 3132 Sugar Run Road pending completion of the aforementioned schedule and further order of the Court. (February 5, 2015 Entry, p. 1-2)

{¶8}    The trial court continued the March 5, 2015 hearing date to March 23, 2015. On March 20, 2015 the trial court issued a journal entry vacating the hearing because the parties had submitted an agreed property inventory and no disputed property remained. (Journal Entry, March 20, 2015) The last entry on the docket is a journal entry of November 18, 2015 ordering the parties to split costs due of $128.00 and ordering the matter closed.

{¶9}    On August 16, 2017, Miller and Lallier filed a notice of appeal of the January 23 and February 5, 2015 entries.

## II. Legal Analysis

{¶10}  This appeal raises two issues:  (1) were the trial court's January and February 2015 entries final appealable orders and (2) is the appeal timely.

{¶11}  Appellate courts have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.

{¶12}  The time period for filing an appeal from a final appealable order is governed by App.R. 4. Generally, an appeal of a judgment or final order must be filed within 30 days from the entry of the judgment or order:

(A) Time for Appeal

> A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or ordered appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

App.R. 4(A).

{¶13} The failure to file an appeal from a civil proceeding within the 30-day time limit is fatal to the appeal. *See Bank One v. Salser*, 4th Dist. Meigs App. No. 05CA1, 2005-Ohio-3573.

{¶14} " 'An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction.' " *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 28, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St .3d 23, 2013–Ohio–2410, 997 N.E.2d 490, ¶ 10. An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Pinkerton v. Salyers*, 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, ¶ 20. A final appealable order is one that affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1) & (2).

{¶15} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007–Ohio–2457, 866 N.E.2d 1059, ¶ 6. "[W]here the issue of liability has been determined, but a factual

adjudication of relief is unresolved, the finding of liability is not a final appealable order * * *." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Such orders do not satisfy R.C. 2505.02(B)(1) "because they do not determine the action or prevent a judgment." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997), citing *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 53, 671 N.E.2d 13 (1996). Damages are part of a claim rather than a separate claim in and of themselves. *Vincent v. Nusbaum*, 4th Dist. Ross No. 16CA3552, 2016 -Ohio-7853, ¶ 9 citing *Evans v. Rock Hill Local School Dist. Bd. of Edn.,* 4th Dist. Lawrence No. 04CA39, 2005–Ohio–5318, at ¶ 15. Furthermore, a judgment contemplating additional action by the court is not a final appealable order. *Scioto Twp. Zoning v. Puckett*, 4th Dist. Pickaway No. 12CA5, 2013 -Ohio- 703, ¶ 7 citing *Nationwide Assur. Inc, v. Thompson*, 4th Dist. No. 04CA2960, 2005–Ohio–2339, ¶ 8.

**{¶16}** Here the trial court's January 23, 2015 order granted judgment in favor of Miller and Lallier on their unjust enrichment claim, and granted judgment in favor of Hempfling on the remaining claims and on his counterclaim. However, the trial court did not completely adjudicate damages. Rather, the court contemplated further action:

> If Robert K. Miller refuses to permit Ralph D. Hempfling access to the residence to take possession of said property, the court will enter judgment in the amount of $10,000.00, plus the 10% penalty and schedule the matter for further hearing on the matter of attorney fees. The parties shall each be responsible for one half of the courts costs in excess of the deposit. (January 23, 2015 Entry, p. 16)

**{¶17}** The order fully determines Miller and Lallier's claims but does not fully determine Hempfling's entire counterclaim and is not final and appealable. Even though it fully resolves Miller and Lallier's claims, the entry does not include Civ.R. 54(B) "no

just reason for delay" language so it does not give finality to those claims. It does not fully determine Hempfling's counterclaim because it gives Miller five days to comply with the court's order and contemplates awarding monetary damages and attorney fees to Hempfling if Miller fails to comply. *See Brown v. Potter*, 2d Dist. Montgomery Nos. 26774, 26775, 2015–Ohio–4289, ¶ 2 (summary judgment decision not final where it contemplated a possible additional judgment entry after a party informs the court whether it will comply with the specific performance ordered as part of the requested relief); *State v. Threatt,* 108 Ohio St.3d 277, 2006–Ohio–905, 843 N.E.2d 164, ¶ 20 (a judgment that leaves issues unresolved and contemplates further action is not a final appealable order). *See also Fagan v. Boggs*, 4th Dist. Washington No. 08CA45, 2009-Ohio-6601, ¶ 11 (order that fails to resolve attorney-fee claim raised by a party is not a final appealable order).

{¶18} The February 5, 2015 entry also did not fully adjudicate Hempfling's counterclaim because Miller did not comply within the five days due to an unforeseen dispute concerning the property inventory and ownership. The February 5 entry sets up a procedure to resolve the dispute and sets a future evidentiary hearing. It contemplates further action by the court to resolve the counterclaim with finality.

{¶19} The January and February 2015 entries are interlocutory orders that merged into the final judgment and can be appealed as part of the final judgment. *State v Rohrer*, 2015-Ohio-5333, 54 N.E.3d 654, ¶ 15 (4th Dist.). Upon review of the court docket, we find that the trial court resolved the counterclaim with finality in its March 20, 2015 order that vacated the evidentiary hearing and accepted the agreed inventory

schedule submitted by the parties. Thus, the January and February 2015 orders became final appealable orders on March 20, 2015. This appeal was filed more than two years after the entries became final, appealable orders. Therefore, we lack jurisdiction over this untimely appeal.[1]

### III. Conclusion

{¶20}  The January and February 2015 entries were interlocutory orders that merged with the final judgment entry of March 20, 2015. The appeal was filed on August 16, 2017, more than 30 days after the entries were filed. Because the appeal was not timely, we **DISMISS** it for lack of jurisdiction.  The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.

{¶21}  **APPEAL DISMISSED. IT IS SO ORDERED.**

McFarland, J. and Hoover, J.:  Concur.



**FOR THE COURT**


_____
William H. Harsha
Administrative Judge

---

[1] Even if we assume that the trial court's November 18, 2015 journal entry finalizing costs and ordering the case closed was the final judgment, this appeal would be untimely.